# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIM. NO. 5:09-CR-43(HL) |
| vs. : | |
| MAURICE KEVIN HILL : | |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and MAURICE KEVIN HILL, hereinafter referred to as "Defendant," and defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that defendant has reviewed and discussed the Indictment against defendant in this matter with defendant's attorney and defendant's attorney has explained to defendant her understanding of the government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of a lawyer at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present



witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's lawyer. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on <u>Booker</u>, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A) The defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment which charges Defendant with Bank Robbery, in violation of Title 18, United States Code, Section 2113(a).



(B) That defendant fully understands that defendant's plea of guilty as set forth in Subparagraph (A), above, will subject defendant on Count One to a maximum sentence of twenty (20) years imprisonment, a maximum fine of $250,000.00, or both, and a term of supervised release of three (3) years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 (per count).

(C) The defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that defendant may have received from defendant's counsel, the government, or the Probation Office. The defendant further acknowledges and agrees that defendant will not be allowed to withdraw defendant's plea because defendant has received an estimated guideline range from the government, defendant's counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct guideline range.

(D) The defendant understands fully and has discussed with defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a pre-sentence investigative report has been completed. The defendant understands and has discussed with defendant's attorney that the defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. The defendant understands and has discussed with defendant's attorney that any objections or challenges by the defendant or defendant's attorney to the Pre-Sentence Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with defendant's attorney that

after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) Defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, Defendant by this agreement forever waives any right to an appeal or other collateral review of Defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the Defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the Defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the Defendant's sentence pursuant to this statute, the Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

(H) Defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(I) Defendant understands, and has fully discussed with defendant's attorney, that the Court shall order total restitution in this case pursuant to Title 18, United States Code, Section 3663A, and that defendant agrees to pay the restitution ordered by the Court to the Bank of America, Macon GA in the amount of four thousand ($4,000.00) dollars.

(J) The United States of America and Defendant hereby agree that any breach of this agreement by the defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the information, would: (a) not relieve the Defendant of Defendant's plea of guilty; (b) permit the government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this superseding information; (c) permit the government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the government to utilize against the defendant in any subsequent judicial proceeding any and all statements made by the Defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The

burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of defendant's guilty plea, which might have been brought solely in this district against the defendant. The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Count One of the Indictment.

(B) If the defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the defendant receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether or not the defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the defendant, by and through defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the defendant stipulate and agree that the government could prove the following beyond a reasonable doubt:

On June 8, 2009, a black male wearing a striped polo shirt, dark pants and a black stocking mask entered the Security Bank is located at 4699 Log Cabin Drive, Macon, GA. The robber, later identified as Maurice Kevin Hill, jumped the teller counter, announced that the bank was being robbed and starting stealing money from the teller drawers. After collecting approximately $17,438.00 in U.S. currency and the dye pack from teller T. N. and C. M., Hill jumped the teller counter and proceeded to the flee the area. Hill fled to his automobile but the dye pack exploded staining the money and Hill's clothing.

A few days later, Macon Police officers were contacted by the Tinicum Township Police Dept in Tinicum Township, PA. Officers from Tinicum Township related that an individual by the name of Maurice Kevin Hill had checked into a Ramada Inn and rented the room with dye stained money. The motel clerk became suspicion and called authorities. Police arrived and determined that the room was rented by Defendant. Officer did a knock and talk on the door and Defendant opened the door. Officers asked to see Defendant's hands and asked if anyone else was in the room. A female was also located in the room. In plain view to the officers were numerous items of money which appeared to be drying. After entering the room, Officers observed several dye stained items including clothing, gloves and money.

Defendant was detained and advised of his rights. Defendant admitted to robbing the Security Bank in Macon, GA and stated that he fled to New Jersey after the robbery. After arriving in New Jersey, his car broke down and he took a cab to the motel where he called an old girlfriend to help him, literally, launder the money to remove the dye stain. Pennsylvania authorities recovered a majority of the money from the robbery and Defendant

-8-

admits that the money recovered in Pennsylvania were the proceeds from the robbery of the Security Bank.

Defendant now admits that he robbed the Security Bank located at 4699 Log Cabin Road Macon, GA.

The Government and Defendant stipulate that at the time of the robbery the Security Bank Macon, Georgia was insured by the Federal Deposit Insurance Corporation (FDIC).

(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the defendant.

SO AGREED, this 13th day of January, 2010.

G.F. PETERMAN, III
ACTING UNITED STATES ATTORNEY

BY: _____
MICHAEL T. SOLIS
ASSISTANT UNITED STATES ATTORNEY



I, MAURICE KEVIN HILL, have read this agreement and had this agreement read to me by my attorney, CATHERINE LEEK. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
MAURICE KEVIN HILL
DEFENDANT

I, CATHERINE LEEK, attorney for defendant MAURICE KEVIN HILL, have explained the Indictment and the government's evidence received through discovery and my investigation of the charge to defendant. I believe defendant understands the charge against defendant and the evidence that would be presented against defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to defendant. To the best of my knowledge and belief, defendant understands this agreement.

_____
CATHERINE LEEK
ATTORNEY FOR DEFENDANT